UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EGGLESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.:_____ |
| ) | |
| BON APPETIT ) | |
| MANAGEMENT CO., ) | **JURY DEMAND: Plaintiff demands a jury** |
| Serve: ) | **trial on all counts triable to a jury.** |
| CSC Lawyers Incorporating Service ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| CATHERINE JONES, ) | |
| Serve at: ) | |
| 6515 Wydown Boulevard, Ste 1092 ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| CATHERINE MARTIN, ) | |
| Serve at: ) | |
| 6515 Wydown Boulevard, Ste 1092 ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| MIKE FAIRCHILD, and ) | |
| Serve at: ) | |
| 6515 Wydown Boulevard, Ste 1092 ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff James Eggleston by and through counsel and for his Complaint for damages against Bon Appetit Management Co., Catherine Jones, Catherine, Martin, Mike Fairchild and for violation of the laws proscribing race discrimination and retaliation states as follows:

1

# INTRODUCTION

1. This is an action brought by Plaintiff challenging a pattern and practice of race discrimination and retaliation committed by Bon Appetit Management Co. ("Bon Appetit") against Plaintiff, a Black employee. Bon Appetit's pattern and practice of race discrimination was executed through various methods including: (i) the creation, maintenance and encouragement of a hostile work environment; (ii) the denial of advancement and other opportunities; (iii) unlawful termination of Plaintiff and (iv) retaliation against Plaintiff for opposing the discriminatory conduct and activity in the workplace. These violations were systematic in nature and constituted a pattern of discriminatory conduct.

2. Defendant's employment policies and practices have the effect and have been undertaken with the purpose of altering the terms and conditions of Plaintiff's employment for opposing discriminatory practices in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 *et seq.*; the 1991 Civil Rights Act as amended, 42 U.S.C. §1981a *et seq.*; Title VII of the Civil Rights Act of 1963, as amended and 42 U.S.C. § 2000e *et seq.*

## JURISDICTION, VENUE AND EXHAUSTION OF REMEDIES

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 *et seq.*; the 1991 Civil Rights Act as

amended, 42 U.S.C. §1981a *et seq.*; and Title VII of the Civil Rights Act of 1963, as amended and 42 U.S.C. § 2000e *et seq.* as amended.

4. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) in as much as this judicial district lies in a State in which the unlawful employment practices and discrimination occurred. Venue is also proper in this Court pursuant to 28 U.S.C §1391(b)(1) and (c) in that Defendants maintain offices, conduct business and reside in this judicial district.

5. All conditions precedent to Plaintiff's right to commence a civil action in accordance with the provisions of 42 U.S.C. § 2000e were satisfied in that Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission on or about February 6, 2017. Plaintiff was issued a Right to Sue letter on November 6, 2017, a copy of which is attached hereto as **Exhibit 1**.

6. Plaintiff filed this action within ninety (90) days from the date of the Notice and within two (2) years from the last act of discrimination or retaliation.

## PARTIES

7. Plaintiff James Eggleston is the person who has been aggrieved by Defendants' actions. He is and has been at all relevant times, a male citizen of the United States and a resident of the State of Missouri.

8. Defendant Bon Appetit is a foreign corporation with offices throughout the United States with its principal offices located in Charlotte, North Carolina and Palo Alto, California. Defendant Bon Appetit maintains offices and employees in St. Louis, Missouri where it has actively engaged in a pattern of unlawful discrimination and retaliation and/or knowingly

encouraged and tolerated such discrimination and retaliation by its employees located in their workplace.

9. At all relevant times, Defendant Catherine Jones was an employee of Defendant Bon Appetit, the immediate supervisor of Plaintiff and an aider and abettor in the pattern of unlawful discrimination and retaliation.

10. At all relevant times, Defendant Catherine Martin was an employee of Defendant Bon Appetit, a catering operations manager and aider and abettor in the pattern of unlawful discrimination and retaliation.

11. At all relevant times, Defendant Mike Fitzgerald was an employee of Defendant Bon Appetit, a purchasing manager and an aider and abettor in the pattern of unlawful discrimination and retaliation.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

**A. Background**

12. Plaintiff was hired by Defendant Bon Appetit on or about September 9, 2015.

13. Plaintiff worked for Defendant Bon Appetit as a banquet server and bartender.

14. Defendant Bon Appetit provides catering services throughout the St. Louis metropolitan area.

15. Throughout Plaintiff's employment with Defendant Bon Appetit, management was exclusively Caucasian, while the vast majority of banquet servers were minorities, specifically Black.

### B. The Cage

16. On or about August 12, 2016, Defendant Mike Fairchild along with one of the executive chefs of Defendant Bon Appetit, wheeled a large cage (approximately 5 foot high) out to within 8-10 feet of where Plaintiff and four to five other banquet servers, all of whom were Black where working and doing catering preparations. Defendant Mike Fairchild and an executive chef yelled at Plaintiff and the other Black banquet servers, "If you all get out of order we are going to put you in this cage!" They then yelled, "We are going to put at least three of you in this cage!" They then walked away leaving the cage where they put it for all to see further intimidating Plaintiff and the others.

17. Outraged and offended, Plaintiff along with another co-worker within approximately 5-10 minutes went to report the incident to their immediate supervisor, Defendant Catherine Jones who is Caucasian.

18. Plaintiff and his co-worker wanted to immediately bring the matter to the attention of the human resources department at Bon Appetit, but Defendant Jones did not want them to do so saying she took the matter seriously.

19. In the days that followed, nothing was done to remove the cage. The cage stayed in the same location only further intimidating Plaintiff and the other Black employees.

20. Defendant Catherine Martin, also Caucasian, made jokes about the cage and it still being out visible where it was.

21. Upon information and belief, Defendant Fairchild and the executive chef were never reprimanded.

22. Plaintiff and his co-workers were never given an apology.

5

### C. Retaliation

23. In the days and weeks that followed after reporting the incident to Catherine Jones, Plaintiff met with human resources over several occasions. The topic of the meetings concerned Plaintiff and the complaints he was making against Defendants. Management of Defendant Bon Appetit insisted in sitting in on those meetings and did not understand why Plaintiff "could not get over the cage."

24. Since lodging his complaints, Plaintiff was targeted for his opposition to the discrimination that occurred.

25. Defendant Martin thereafter would curse at Plaintiff as well as call him "dumb" and "stupid". She also said to Plaintiff, "Boy, you better stop what you are doing!"; "You are not fit for this job!"; and "You should think about doing something else!"

26. One of Plaintiff's co-workers told him that management told him and others not to socialize with Plaintiff and that management said Plaintiff "threw them under the bus."

27. After reporting the incident, Management took extensive steps to create a biased and unfair workplace for Plaintiff in the hope of driving him out or terminating him.

28. For example, management would conduct retaliatory quality checks on Plaintiff. Plaintiff was consistently singled out in several ways. He became the only banquet server whose work was constantly being criticized or critiqued by management looking for a way to write him up or terminate his employment. When all other employees were allowed to leave at the end of their shifts, someone from management would have to clock Plaintiff out rather than allowing him to do it on his own.

29. In February 2017, Plaintiff was eventually suspended and thereafter terminated.

## COUNT I
**Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq.*
as against Defendant Bon Appetit**

30.  As and for its Paragraph 30, Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 above, as if fully set forth herein.

31.  The conduct alleged herein violates Title VII as Defendant Bon Appetit has engaged in the practice of discrimination and retaliation against Plaintiff.

32.  Defendant Bon Appetit is liable for the actions of Jones, Martin and Fitzgerald and others in Plaintiff's claims.

33.  Plaintiff further claims that he was subjected to harassment, discrimination and retaliation by Defendants Bon Appetit, Jones, Martin and Fitzgerald and that this harassment was motivated by Plaintiff's race.

34.  The conduct of Defendants Bon Appetit, Jones, Martin and Fitzgerald giving rise to Plaintiff's claim was not welcomed by Plaintiff.

35.  Defendants Bon Appetit, Jones, Martin and Fitzgerald's conduct was motivated by the fact that Plaintiff is Black.

36.  The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

37.  Plaintiff believed his work environment to be hostile or abusive as a result of Bon Appetit, Jones, Martin and Fitzgerald and others.

38.  Management levels knew, or should have known of the abusive conduct.

7

39. Plaintiff provided management level personnel with enough information to raise a probability of racial harassment in the mind of a reasonable employer and the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

40. As a direct and proximate result of the hostile work environment, Plaintiff suffered an "adverse employment action" and was damaged.

41. As a direct and proximate cause of Defendant's conduct and actions, Plaintiff has suffered lost wages and benefits of employment.

42. As a result of Defendant's conduct and actions, Plaintiff has suffered emotional distress and mental anguish.

43. As a result of Defendant's conduct and actions, Plaintiff has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

44. Defendant's conduct was outrageous because of Defendant's evil motive or reckless disregard of Plaintiff's rights, and such conduct warrants an award of punitive damages to deter Defendant and others from such like conduct in the future.

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendant Bon Appetit as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 *et seq.*, the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a *et seq.*; and Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq.*

b. All damages which Plaintiff has sustained as result of Defendant's conduct, including but not limited to any general and special damages for lost compensation and job

8

benefits Plaintiff would have received but for Defendant's discriminatory practices, emotional distress, humiliation, embarrassment and anguish;

c. Exemplary and punitive damages in an amount commensurate with Defendant's ability so as to deter future malicious, reckless and/or emotional conduct.

d. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

e. Pre-judgment and post-judgment interest as provided by law; and

f. Granting Plaintiff such other and further relief as this Court deems just and proper in the circumstances.

## COUNT II
### 42 U.S.C. § 1981 against all Defendants

45. As and for its Paragraph 45, Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 above, as if fully set forth herein.

46. The conduct alleged herein violates Section 1981 of the United States Code as Defendants Bon Appetit, Jones, Martin and Fitzgerald have engaged in the practice of discrimination and retaliation against Plaintiff.

47. Plaintiff further claims that he was subjected to harassment, discrimination and retaliation by Defendants Bon Appetit, Jones, Martin and Fitzgerald and that this harassment was motivated by Plaintiff's race.

48. The conduct and conditions giving rise to Plaintiff's claim was not welcomed by Plaintiff.

49. The conduct of Defendants Bon Appetit, Jones, Martin and Fitzgerald was motivated by the fact that Plaintiff is Black.

50.	The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

51.	Plaintiff believed his work environment to be hostile or abusive as a result of Bon Appetit, Jones, Martin and Fitzgerald and others.

52.	As a direct and proximate result of the hostile work environment, Plaintiff suffered an adverse "tangible employment action" and was damaged.

53.	As a direct and proximate result of the hostile work environment, Plaintiff suffered an "adverse employment action" and was damaged.

54.	As a direct and proximate cause of Defendants' conduct and actions, Plaintiff has suffered lost wages and benefits of employment.

55.	As a result of Defendants' conduct and actions, Plaintiff has suffered emotional distress and mental anguish.

56.	As a result of Defendants' conduct and actions, Plaintiff has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

57.	Defendants' conduct was outrageous because of Defendants' evil motive or reckless disregard of Plaintiff's rights, and such conduct warrants an award of punitive damages to deter Defendants and others from such like conduct in the future.

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants Bon Appetit, Catherine Jones, Catherine Martin and Mike Fitzgerald as follows:

a.	A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.'S.C. § 1981 *et seq.*, the 1991 Civil Rights

Act, as amended, 42 U.S.C. § 1981a *et seq.*; and Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq.*

  b. All damages which Plaintiff has sustained as result of Defendants' conduct, including but not limited to any general and special damages for lost compensation and job benefits Plaintiff would have received but for Defendants' discriminatory practices, emotional distress, humiliation, embarrassment and anguish;

  c. Exemplary and punitive damages in an amount commensurate with Defendants' ability so as to deter future malicious, reckless and/or emotional conduct.

  d. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

  e. Pre-judgment and post-judgment interest as provided by law; and

  f. Granting Plaintiff such other and further relief as this Court deems just and proper in the circumstances.

## JURY DEMAND

Plaintiff demands a jury trial on all counts triable to a jury.

**REINERT WEISHAAR & ASSOCIATES, P.C.**

By: /s/ Aaron G. Weishaar_____
   Aaron G. Weishaar #49313
   812 N. Collins, Laclede's Landing
   St. Louis, MO 63012
   T. 314.621.5743
   F. 314.621.8071
   aweishaar@rwalawfirm.com

   Attorneys for Plaintiff